### JACK COLE CO., Inc., v. INTERSTATE COMMERCE COMMISSION et al.

#### Civil Action No. 5499.

District Court, N. D. Alabama, S. D.

Sept. 7, 1944.

Harsh & Hare, of Birmingham, Ala., for Jack Cole Co.

Allen Crenshaw, of Birmingham, Ala., for Interstate Commerce Commission.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for the United States.

Before McCORD, Circuit Judge, and MURPHREE and MULLINS, District Judges.

PER CURIAM.

The above action came on for hearing before the duly constituted statutory court, on June 2, 1944, being submitted upon the pleadings, and the record consisting of

transcript of the stenographer's notes of the hearing held April 17 and 18, 1940, at Birmingham, Alabama, and Exhibit No. 10 filed at the said hearing; and Exhibit No. 16 filed at the hearing held June 24 and 25, 1940, at Birmingham, Alabama, as certified by the Interstate Commerce Commission on August 12, 1944; and upon the briefs and arguments of counsel for plaintiff and defendants, and the Court having considered the matters presented and herein involved, does hereby enter its findings of fact and conclusions of law as follows:

### Findings of Fact

1. Plaintiff is a corporation existing under the laws of the State of Alabama, with its principal place of business at Birmingham, Alabama, and is, therefore, within the venue of this court.

2. Prior to June 1, 1935, plaintiff instituted an operation as a common carrier by motor vehicle, in interstate and foreign commerce, and within the time prescribed by law, filed application with the Interstate Commerce Commission for a certificate under provisions of Section 206(a), or in the alternative for a permit under provisions of Section 209(a) of the Motor Carrier Act of 1935, 49 U.S.C.A. §§ 306(a) and 309(a), authorizing its claimed operations, in transport of general commodities, within a wide territory consisting of twenty-four states and more particularly described in the Commission reports of January 31, 1942 (Exhibit 2 to Commission Answer), and January 14, 1943 (Exhibit 4 to Commission Answer). The order of January 14, 1943 (Exhibit 4a to Commission Answer), was entered after several hearings, and is the final order herein, previous orders of August 9, 1939 (Exhibit 1a to Commission Answer), and of January 31, 1942 (Exhibit 2a to Commission Answer), having been set aside and vacated by the Commission for the purpose of reconsideration, after grant of petition by plaintiff therefor. The final orders of January 31, 1942, and January 14, 1943, granted plaintiff's application to the extent stated in said reports and orders, authorizing plaintiff to continue its operations as a common carrier by motor vehicle, transporting general commodities within the territory, between the points, or to or from the points named and described in said reports and orders, and otherwise denied the application.

3. Findings and conclusions of the Interstate Commerce Commission are stated in the reports and orders of August 9, 1939 (Exhibits 1 and 1a to Commission Answer), January 31, 1942 (Exhibits 2 and 2a to Commission Answer), and January 14, 1943 (Exhibits 4 and 4a to Commission Answer) and said reports and orders are hereby adopted by reference and made a part of these findings.

4. The order of the Interstate Commerce Commission entered January 14, 1943, is supported by substantial evidence.

5. Findings and conclusions of the Interstate Commerce Commission, as stated in said above-referred to reports and orders, are supported by substantial evidence of record.

6. Petition of plaintiff for reconsideration of the said final order of January 14, 1943, as filed with the Interstate Commerce Commission, was denied by it and order of June 7, 1943 (Exhibit 5 to Commission Answer), and a later similar petition for reconsideration was dismissed by order of February 7, 1944 (Exhibit 6 to Commission Answer).

7. Except as to the part reopened for reconsideration under the order of April 30, 1942 (Exhibit 3 to Commission Answer), the order of January 30, 1942, became effective prior to September 2, 1943, on which date a certificate was issued to plaintiff covering authority granted by said order of January 30, 1942, as stated in the Commission Answer. The said final order of January 14, 1943, under several extensions of the effective date thereof, is now made effective as of October 7, 1944.

### Conclusions of Law

1. This Court has jurisdiction of the action herein and of the parties thereto.

2. Where there is substantial evidence of record to support its findings and conclusions, an order of the Interstate Commerce Commission will not be annulled or enjoined under court review, under provisions of the Urgent Deficiencies Act, 28 U.S.C.A. § 41 et seq., unless said order exceeds the statutory authority of said Commission or violates some provision of the Constitution of the United States.

3. The order of January 14, 1943, herein reviewed, is supported by substantial evidence of record.

4. The order of January 14, 1943, is within the statutory authority of the Interstate Commerce Commission.

5. The order of January 14, 1943, does not violate any constitutional rights of plaintiff.

6. The complaint herein should be dismissed for want of equity at the cost of plaintiff.